Plaintiff brought suit to recover the sum of $1,750 paid out by the defendant bank on a check, the signature to which plaintiff alleges to have been forged.
On April 10, 1942, plaintiff opened an account in the Continental-American Bank Trust Company of Shreveport and made an initial deposit which resulted in a credit of $6,200 to the account of plaintiff. On April 13, 1942, defendant banking institution charged against plaintiff's account a check dated April 11, 1942, payable to the order of J.N. Williams in the sum of $1,750. Some days later plaintiff claims to have been advised by a friend in Wright City, Texas, that he had better come to Shreveport and check up on his bank account. Acting upon this advice, plaintiff presented himself at the defendant bank on April 17, requested permission to look at his cancelled checks, and, upon examining them, pronounced the check described above as a forgery. There is some dispute as to whether he notified the bank at the time that the check was forged. Defendant, after denying the forgery of the check in its answer, has raised the alternative defense of failure of notice under the provisions of Act No. 163 of 1934.
The uncontradicted facts established by the evidence in the case show that the payee of the check in question was a close friend of plaintiff and that over a long period of years plaintiff had made his home with him for varying periods of time. Williams advanced plaintiff money to take care of his bills and for ordinary expenses. The deposit made by plaintiff in defendant bank represented the proceeds of a settlement of a compensation claim on the part of plaintiff arising from an injury which resulted in the loss of a leg.
There is a sharp conflict as to the facts surrounding the giving of a check by plaintiff to Williams. Plaintiff's story recites that, after making settlement of his claim, he paid his attorneys, opened an account, made the deposit referred to in the bank and left Shreveport on the afternoon of April 10th with Williams; that they stopped at a cafe near the outskirts of Shreveport, and, after some discussion as to a satisfactory amount, he signed a check for $750 payable to Williams, the check, except for the signature, being filled out by Williams. The story of Williams is to *Page 688 
the effect that the check was given him the following day; that he made it out, according to Craig's instructions, for $1,750, and that it was signed by Craig at Williams' shop in Wright City, Texas, in the presence of a number of witnesses. Williams deposited the check that afternoon in the bank at Arp, Texas, through which it was forwarded to the defendant for payment. Williams' story is supported by the testimony of two witnesses who testified that they were present at the time of the making and signing of the check.
The only support of plaintiff's claim of forgery is found in the testimony of one expert witness, produced at the trial of the case, on behalf of plaintiff. The testimony of the expert was rather brief and consisted principally of his expression of opinion to the effect that the signature on the questioned check was forged. This opinion is supported by comparison with admittedly authentic signatures on other checks, pointing out differences in the formation of some of the letters of the signature. The testimony of the expert loses much of its weight in view of the fact that differences in the bona fide signatures of plaintiff are obvious, and it is noted that perhaps the greatest differences are to be observed in the two signatures made by plaintiff on the deposit slip and the signature card, both of which were made at the same time, on the occasion of opening his account in the defendant bank.
As opposed to the testimony of plaintiff and his expert witness, the testimony of payee, J.N. Williams, corroborated by the testimony of two witnesses to the making and signing of the check, must be held to preponderate. In addition, we are impressed with certain discrepancies in plaintiff's attempt to make out a case. Plaintiff testified that after discovering the alleged forgery he went in search of Williams, found him and talked to him, but did not mention the matter of the check. He testifies that he intended to talk to him later about the check, but never did so. Although plaintiff claimed that the whereabouts of Williams for a period of months after the date of the check were unknown to him, and that he tried to contact him, we are not impressed with this testimony, when considered in light of the testimony of Williams that he continued to live in Wright City, Texas, after April 11th until the latter part of August of 1942.
The judge of the trial Court gave judgment in favor of the defendant, and we find no error of fact upon examination of the record.
Since it is our opinion that plaintiff has failed to make out his case, there is no necessity for considering the alternative plea of failure of notice in conformity with the statute as alternatively advanced by defendant.
For the reasons assigned, the judgment appealed from is affirmed. *Page 739